UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHELLE BEAUBRUN, KAYLA
BUCHANAN, AMANDA DIMURO,
KRISTEN GODUTO, KARA
GUGGINO, SARA HOEHN, APRIL
JOHNSON, MAGGIE LEON,
REBECCA MORA, TERRY NAGY-
PHILLIPS, LAUREN REYNOLDS,
ANN URSINY, CRISTIAN VILLALTA-
GARCIA, KAREN WATSON,

  Plaintiffs,
v.             Case No. 5:19-cv-00615-Oc-32PRL

UNITED STATES OF AMERICA,

  Defendant.
_____/

## UNITED STATES OF AMERICA'S UNOPPOSED MOTION FOR LEAVE TO FILE A REPLY IN SUPPORT OF ITS PARTIAL MOTION TO DISMISS

The United States of America, by and through undersigned counsel, and pursuant to Local Rule 3.01(c), respectfully requests leave to file a reply of up to 10 pages in support of its partial motion to dismiss. Undersigned has consulted with counsel for Plaintiffs and certifies that they do not object to the requested relief.

**A.**  <u>Procedural Background and Standards to Apply.</u>

On March 12, 2020, Defendant filed a partial motion to dismiss certain claims in Plaintiffs' complaint. (Doc. 25) On April 9, 2020, Plaintiffs filed their response. (Doc. 32) Pursuant to Local Rule 3.01(c), no party shall file a reply or further memorandum directed to a motion or response unless the Court grants leave. "While parties may ask for leave to file a reply, they must show good cause." *McDonald v. United States,* 2013 WL 3901871, at *1 n.3 (M.D. Fla., July 29, 2013). Good cause can be shown where a reply seeks to "rebut any new

law or facts" contained in an opposition brief. *Allied Portables, LLC v. Youmans*, 2016 WL 7428229, at *1 (M.D. Fla. Oct. 19, 2016). Furthermore, a reply must benefit the Court in resolving a pending motion. *See id*.

### B. Basis for seeking leave.

Plaintiffs' response to Defendant's motion to dismiss raises several new issues of law that the United States could not have reasonably anticipated to address in its pending motion For example, in response to the United States' discretionary function argument with respect to Plaintiffs' claims based on conduct of supervisory personnel (*i.e.* negligent hiring, training, supervision, retention) Plaintiffs cite numerous cases brought under Section 1983, rather than the Federal Tort Claims Act ("FTCA"). Plaintiffs similarly rely on Section 1983 cases in response to allegations regarding the applicability of PREA. Because this is an FTCA case, Defendant could not reasonably anticipate Plaintiffs would rely on cases from this different area of law to support their claims, and accordingly requests an opportunity to respond to Plaintiffs' arguments relying on these cases. In another instance, in response to the United States' assertions regarding 18 U.S.C. § 2246(c), Plaintiffs' only citation is to a case that involves a daycare center, not incarcerated plaintiffs. Because Section 2246(c) by its terms applies to incarcerated plaintiffs, the United States could not have anticipated the need to address authority on sexual misconduct outside of the prison context. Plaintiffs also cite to authority from a specialized line of cases to assert equitable tolling—namely cases regarding torture by foreign countries under the Torture Victim Protection Act and Alien Tort Claims Act—instead of addressing the cases regarding domestically incarcerated prisoners under the FTCA the United States cites. The United States requests the opportunity to discuss this line of cases and its inapplicability in these circumstances. By way of another example, Plaintiffs

have also relied on numerous out-of-circuit cases that are contrary to Eleventh Circuit authority, and thus were not addressed by the United States in its opening memorandum. In their response to the United States' assertions regarding the bar on multi-plaintiff prisoner litigation under the PLRA, Plaintiffs frame their argument around cases from the Seventh and Third Circuit—which are in a circuit split with the Eleventh Circuit on the issue.

Plaintiffs have asserted other unanticipated arguments regarding the discretionary function analysis by tying the analysis to the underlying conduct, not the discretionary decisions of how to supervise or train the officers whose underlying conduct is at issue. Plaintiffs also misstate the allocation of the burden. The United States seeks to file a reply to clarify the appropriate focus of the analysis.

Plaintiffs have now also offered clarification some of the claims in their complaint in response to the United States' motion. Plaintiffs have offered more specifics regarding their claims based on alleged lack of investigations and prosecutions, their claims premised on alleged transfers and access to counsel, and their endeavored use of the PLRA in this litigation. Because the United States' arguments were an effort to respond to its best interpretation of Plaintiffs' complaint as written, it now requests leave to file a reply to respond to Plaintiffs' arguments regarding these clarified claims.

Finally, Plaintiffs assert new facts in their response which do not appear to have been asserted in the Complaint, and in other instances offer a gloss on the allegations in the complaint which are not readily apparent from its face. For example, certain Plaintiffs now make factual assertions regarding equitable tolling and whether they have alleged sufficient conduct to survive the bar of 18 U.S.C. § 2246(c). The United States requests an opportunity to address these new factual assertions and interpretations.

Dated April 21, 2020.　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　MARIA CHAPA LOPEZ
　　　　　　　　　　　　　　　　　　　United States Attorney

　　　　　　　　　　　　　　　By:　　/s/ Adam R. Smart
　　　　　　　　　　　　　　　　　　　ADAM R. SMART
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　USA No. 195
　　　　　　　　　　　　　　　　　　　400 W. Washington St., Ste. 3100
　　　　　　　　　　　　　　　　　　　Orlando, Florida 32801
　　　　　　　　　　　　　　　　　　　Telephone: (407) 648-7500
　　　　　　　　　　　　　　　　　　　Facsimile: (407) 648-7588
　　　　　　　　　　　　　　　　　　　Email: adam.smart@usdoj.gov

　　　　　　　　　　　　　　　　　　　/s/ Julie R. Posteraro
　　　　　　　　　　　　　　　　　　　JULIE R. POSTERARO
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney
　　　　　　　　　　　　　　　　　　　USA No. 157
　　　　　　　　　　　　　　　　　　　400 W. Washington Street, Ste. 3100
　　　　　　　　　　　　　　　　　　　Orlando, Florida 32801
　　　　　　　　　　　　　　　　　　　Telephone: (407) 648-7500
　　　　　　　　　　　　　　　　　　　Facsimile: (407) 648-7588
　　　　　　　　　　　　　　　　　　　Email:　Julie.Posteraro@usdoj.gov

**CERTIFICATE OF SERVICE**

　　　I hereby certify that on April 21, 2020, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send notice of the filing to the following CM/ECF participant:

　　　Bryan E. Busch, Esq.
　　　Christopher Young Mills, Esq.
　　　James Angelo DeMiles, Esq.
　　　Max G Soren, Esq.
　　　Philip L. Reizenstein, Esq.

　　　　　　　　　　　　　　　　　　　/s/ Adam R. Smart
　　　　　　　　　　　　　　　　　　　Adam R. Smart
　　　　　　　　　　　　　　　　　　　Assistant United States Attorney

4