UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RACHELLE BEAUBRUN, KAYLA
BUCHANAN, AMANDA DIMURO,
KRISTEN GODUTO, KARA
GUGGINO, SARA HOEHN, APRIL
JOHNSON, MAGGIE LEON,
REBECCA MORA, TERRY NAGY-
PHILLIPS, LAUREN REYNOLDS,
ANN URSINY, CRISTIAN VILLALTA-
GARCIA, KAREN WATSON,

       Plaintiffs,

v.                               Case No. 5:19-cv-00615-Oc-32PRL

UNITED STATES OF AMERICA,

       Defendant.

                                   /

## UNITED STATES' REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS

Plaintiffs' opposition brief improperly conflates the underlying actions by the Former Officers at the Coleman Camp with those by supervisory officials. Plaintiffs also rely on inapplicable authority, misstate the applicable legal framework, and assert unalleged facts to avoid dismissal of claims.

### A.    Eleventh Circuit, not Seventh and Third Circuit, authority controls.

Plaintiffs disregard authority from this Circuit regarding the impact of 18 U.S.C. § 1915 on the ability of incarcerated plaintiffs to file joint actions and instead rely on the Seventh Circuit's standard. The United States does not dispute this split of authority. The Seventh and Third Circuits permit such joinder, requiring each plaintiff to pay their own filing fee in the same action. *See Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004); *Hagan v.*

*Rogers*, 570 F.3d 146, 158 (3d Cir. 2009).  However, the Eleventh Circuit has rejected such an approach.  *Hubbard v. Haley*, 262 F.3d 1194 (11th Cir. 2001); *Gandy v. Bryson*, No. 17-15228, 2020 WL 1487663, at *1 (11th Cir. Mar. 25, 2020) (unpublished).

Cases interpreting *Hubbard* have held that an incarcerated Plaintiff may not avoid the limitations of Section 1915(b)(3) by offering to pay their own filing fee in the same action.  *See Daker v. Ferrero*, No. CIV.A. 1:03-CV-02481, 2007 WL 1100463, at *3 (S.D. Fla. Jan. 3, 2007); *Smith v. Fla. Dep't of Corr.*, No. 2:06-CV-14201, 2015 WL 500166, at *2 (S.D. Fla. Feb. 4, 2015); *Garcia v. McNeil*, No. 4:07-CV-474-SPM WCS, 2010 WL 4818067, at *1 (N.D. Fla. Nov. 22, 2010).  Nor does the fact that Plaintiffs indicate that they would not file an application to proceed IFP in their individual cases mean they can join in one action.  In *Bowens v. Turner Guilford Knight Det. Ctr.*, No. 12-20237-CIV, 2012 WL 12893124, at *1 (S.D. Fla. Feb. 21, 2012), affirmed by the Eleventh Circuit, *see* 510 F. App'x 863 (11th Cir. 2013), the court dismissed the complaint and ordered each plaintiff to file a new complaint either paying the full filing fee *or* submitting a motion to proceed IFP.  *See also Walden v. State of Fla. Corp.*, No. 3:10CV103/LAC/EMT, 2010 WL 3768092, at *1 (N.D. Fla. Aug. 18, 2010), *report and recommendation adopted*, No. 3:10CV103/LAC/EMT, 2010 WL 3768090 (N.D. Fla. Sept. 21, 2010); *Marshall v. Lopez*, No. 10-21717-CIV, 2010 WL 3118305, at *1 (S.D. Fla. Aug. 2, 2010); *Coleman v. Brooks*, No. CV 320-014, 2020 WL 1491766 (S.D. Ga. Mar. 19, 2020).

**B.    Plaintiffs' opposition demonstrates their negligence *per se* claim must be dismissed.**

Plaintiffs cite no Florida statute in support of a negligence *per se* claim.  Plaintiffs

cite to portions of PREA, argue that those standards were not met, and request the Court find they have satisfied their burden to show the United States' negligence. *See* Doc. 32 at 9 ("PREA outlines minimum expectations for the safety and wellbeing of inmates while in custody."). Because PREA is a federal statute, their negligence *per se* claim is subject to dismissal. *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991) (citing *Sellfors v. United States*, 697 F.2d 1362, 1365 (11th Cir. 1983)). *See also Johnson v. Sawyer*, 47 F.3d 716, 728 (5th Cir. 1995) (federal statutes and regulations do not establish a duty owed to a Plaintiff under state law). PREA cannot be the source of a negligence claim for Plaintiffs because (1) it provides no private right of action for violation of its provisions; and (2) as a federal statute, it cannot establish a duty of care on the part of the United States in tort case. *See Doe v. Sch. Bd. of Miami-Dade Cty.,* 403 F. Supp. 3d 1241, 1268 (S.D. Fla. 2019) (holding state statute that does not provide for a private right of action cannot serve as the basis for a negligence claim under Florida law). The sole case upon which Plaintiffs rely for their contention to the contrary is inapposite. *Green v. Hooks,* 798 F. App'x 411 (11th Cir. 2020), involved a suit under Section 1983, alleging an Eighth Amendment claim for deliberate indifference. *Green* does not discuss duty of care under state law. The opinion also only references PREA in connection with establishing a factual predicate for whether the individual defendants had subjective knowledge required for the Eighth Amendment claim at issue. *Id.* at 423. The Eleventh Circuit did not base its ruling on whether the screenings were correctly applied, or make the implication Plaintiffs assert here—that improper application of PREA screening would have subjected the individual defendants to liability under Section 1983.

### C.      Plaintiffs fail to sufficiently allege negligent hiring or negligent training.

In response to the United States' assertion that the Complaint does not support a claim for negligent hiring or negligent training, *see* Doc. 25 at 22-23, Plaintiffs cite *Garcia v. Duffy*, 492 So. 2d 435 (Fla. DCA 2d. 1986) and assert that retaining an employee after learning of improper conduct allows their claims to survive. *See* Doc. 32 at 19.  However, the *Garcia* case specifies the differences between negligent hiring and retention claims, highlighting the lack of allegations in Plaintiffs' Complaint regarding the former claim.

Plaintiffs' only mention of a negligent training claim cites generally to the Complaint and alleges that "prison officers engaging in sexual abuse lacked proper training and were not properly supervised or disciplined."  Doc. 32 at 10.  Courts have routinely held such conclusory assertions fail to state a claim under *Twombly* for negligent training.  *See James v. Nationstar Mortg., LLC*, 92 F. Supp. 3d 1190, 1201 (S.D. Ala. 2015); *Wright v. City of Ozark*, No. 1:12-CV-936-MEF, 2014 WL 1765925, at *9 (M.D. Ala. May 2, 2014).

### D.      Plaintiffs' discretionary function argument cites inapplicable caselaw, focuses on the wrong conduct, and fails to identify any applicable mandatory guidance that allows no judgment or choice.

Plaintiffs' discretionary function analysis suffers from numerous flaws.  First, Plaintiffs incorrectly assign the burden of proof.  The burden is "squarely on the plaintiff at the motion-to-dismiss stage to 'plead[ ] facts that facially allege matters outside of the discretionary function exception.'"  *Willett v. United States*, 24 F. Supp. 3d 1167, 1179 (M.D. Ala. 2014); *see also Fountain v. United States*, No. CV 114-127, 2016 WL 1529903, at *3 (S.D. Ga. Apr. 14, 2016).  In addition, Plaintiffs cite several cases involving Section

1983 and *Monnell* claims concerning alleged constitutional violations, discussing qualified immunity, not the discretionary function exception to the FTCA.  *See* Doc. 32 at 10-11 (*Drake, Walton, Sherrad*[1]).

Plaintiffs also misidentify the relevant conduct for the discretionary function analysis.  The United States does not argue that the assaults themselves involved an element of judgment or choice (nor sought to bar Count II, III or IV under the discretionary function exception).  Rather, the only claims the United States asserts are barred by the discretionary function exception are those at issue in Count I.  This focus on the underlying conduct leads to the ultimate failure of Plaintiffs to address whether "a mandatory regulation or policy that allowed no judgment or choice" existed with respect to any decisions regarding the relevant conduct.  *Autery v. United States*, 992 F.2d 1523, 1526 (11th Cir. 1993).  The entirety of Plaintiffs' argument in this regard is to assert: "Here, the law clearly prohibits the correctional officers from engaging in sexual assault of inmates."  Doc. 32 at 12; *see also id*. at 12-13 (citing 18 U.S.C. § 2243(b)).  This is irrelevant when the United States is not seeking to dismiss Counts II, III or IV on the basis of the discretionary function exception.  Moreover, as opposed to the United States, *see* Doc. 25 at 13-20, Plaintiffs make no effort to analyze of the regulations they cite in their Complaint, a critical failing when it is necessary that they show "a mandatory regulation or policy that allowed no judgment or choice."

Plaintiffs also set forth conflicting assertions as to whether they intend to assert

---

[1] The United States was unable to view the *Sherrad v. Johnson* case as the citation does not point to that case.  Nor could it locate the case by using the quoted language.

claims related to the criminal investigation and the decision not to prosecute the Former Officers. *See* Doc. 32 at 1, 13. Nevertheless, Plaintiffs cite only to the general responsibility for provision of safety and fail to identify in their response "a mandatory regulation or policy that allowed no judgment or choice" with respect to any decisions on whether or how to investigate or prosecute. *Autery*, 992 F.2d at 1526.

Nor do any of the cases Plaintiffs cite save their claims. *Diamond v. Owens*, 131 F. Supp. 3d. 1346, 1376 (M.D. Fla. 2015) is another Section 1983 case, addressing constitutional tort claims. *United States v. Muniz*, 374 U.S. 150, 160 (1963), stands for the non-controversial premise that inmates can bring tort claims against the United States under the FTCA. Nor does *Doe*, 403 F. Supp. 3d at 1268, which failed to address whether the discretionary function exception to the FTCA barred a claim for negligent investigation, take their claims outside the discretionary function exception.[2]

> E.   **Plaintiffs fail to point to any source for their claims based on alleged transfer of prisoners or denial of access to counsel under Florida law.**

Despite the requirement that FTCA claims must have a basis under Florida law, Plaintiffs fail to cite any specific authority that recognizes claims arising from an alleged policy to transfer prisoners to other facilities or allegedly denying access to counsel under Florida law. Doc. 32 at 15-16. Reference to "Florida law" without citation to any such law is insufficient. Nor does citation to PREA salvage the claims, because "even where specific behavior of federal employees is required by statute, liability to the beneficiaries

---

[2] The district court did discuss the state equivalent of the exception (which has different standards than those applicable under the FTCA's discretionary function exception (i.e. operational versus discretionary dichotomy) as to the negligent training claim at issue in that case; but no mention was made either way with regard to the failure to investigate claim. *Doe*, 403 F. Supp. 3d at 1266.

of that statute may not be founded on the [FTCA] if state law recognizes no comparable private liability." *Sellfors*, 697 F.2d at 1367 (internal citation and quotation omitted).

### F.     Plaintiffs' allegations do not save the claims of six Plaintiffs.

Congress chose to create a bright line rule for when an incarcerated plaintiff can recover for emotional harm under the FTCA in 18 U.S.C. § 1346(b)(2).  *See Jamison v. United States*, No. 1:15-CV-01678, 2016 WL 7670690, at *5 (W.D. La. Sept. 26, 2016), *report and recommendation adopted*, No. 1:15-CV-01678, 2017 WL 89485 (W.D. La. Jan. 9, 2017).  It did not condone the conduct but made a policy choice to set a bar for when the United States would waive its sovereign immunity.  *Id.*

Plaintiffs' Complaint alleged that the Former Officers groped, rubbed and grabbed Plaintiffs Goduto, Buchanan, Ursiny, Hoehn, Villalta-Garcia, and Guggino, which does not meet the definition of "sexual act."  Plaintiffs now claim that the Former Officers also penetrated their genitals (which allegation would meet the definition of "sexual act").  Doc. 32 at 16.  Plaintiffs may not allege such facts or details to bolster their claims for the first time in response to a motion to dismiss.  *See Brandywine Commc'ns Techs., LLC v. T-Mobile USA, Inc.*, 904 F. Supp. 2d 1260, n.13 (M.D. Fla. 2012).[3]

 "Sexual contact" requires the intentional touching, either directly or through the clothing, of the genitalia, anus, groin, breast, inner thigh, or buttocks of any person with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person."  18 U.S.C. § 2246(3).  Like in *Jamison v. United States* and *Turner v. United States*,

---

[3] The United States acknowledges Ms. Guggino alleges conduct within the definition of sexual act; however, these are discrete claims, which involve different officers and supervisors at FCI Tallahassee, and are currently subject to dismissal on statute of limitations grounds.

where the plaintiffs asserted touching of the genitals through the inmates' clothing, the allegations by Plaintiffs Ursiny, Hoehn, Villalta-Garcia, and Guggino do not meet the definition of sexual act.[4]  *See Jamison*, 2016 WL 7670690, at \*5 ("The evidence clearly shows no sexual act was committed since any contact was through clothing."); *Turner*, No. CIV. 6:13-153-GFVT, 2013 WL 6813902, at \*1-\*2 (E.D. Ky. Dec. 20, 2013) (finding groping of inmates genitals more appropriately considered "sexual conduct").  While the conduct alleged by these six Plaintiffs is reprehensible, it constitutes inappropriate "sexual contact," not a "sexual act" under 18 U.S.C. § 2246.

Plaintiffs' citation to *Doe v. United States*, 976 F. 2d 1071 (7th Cir. 1991), does not change the outcome for these six Plaintiffs.  That case concerned allegations of sexual misconduct against children at a daycare facility, not at a federal prison.  Section 1346(b)(2) by its terms applies to incarcerated plaintiffs, not children at a daycare facility.

Finally, Plaintiff make no effort to explain why their conclusory assertion of "physical trauma" from the alleged groping and rubbing is sufficient to allege the physical injury necessary to satisfy the other prong of Section 1346(b)(2).  *See, e.g.*, *Glass v. Nelson*, No. 5:13-CV-380 MTT, 2014 WL 2881976, at \*6 (M.D. Ga. June 25, 2014) (finding conclusory claim that the plaintiff suffered pain from alleged grabbing of genitals insufficient to show more than a *de minimus* injury).[5]

---

[4] Plaintiffs Goduto and Buchanan, unlike the other four plaintiffs at issue here, have not alleged any of the Former Officers touched their genitals through their clothing.  Doc. 1 at ¶¶ 78-81 (kissing her breasts); 64-65 (touching buttocks and breast).

[5] Unlike the instances where Plaintiffs try to rely on Section 1983 cases, in these circumstances, courts have looked to the *de minimus* injury analysis in constitutional tort cases.  *See Rosales v. Watts*, No. 2:15-CV-94, 2016 WL 1064578, at \*6 (S.D. Ga. Mar. 15, 2016).

### G.        Plaintiff Guggino is not entitled to equitable tolling.

Plaintiff Guggino's response addresses one component of the equitable tolling

analysis—whether she faced extraordinary circumstances that prevented her from filing

her claim in a timely manner—but fails to address the diligence component.  Guggino

bears the burden on equitable tolling, *see Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir.

2006), and her failure to address this prong subjects her claims arising from her time at

FCI Tallahassee to dismissal as untimely. *See Carlisle v. United States*, No. 5:10-CV-8018-

SLB-HGD, 2013 WL 5328422, at *7 (N.D. Ala. Sept. 20, 2013).

In any event, Guggino's allegations are insufficient to establish that she extreme

circumstances for the entirety of the period she seeks to toll.  Guggino makes the

conclusory assertion that she was "in fear" of bringing the action the entire time before

she filed her SF-95 in March 2019.  Doc. 32 at 19.  The inquiry is not whether she was

afraid, but rather whether she faced "extraordinary circumstances" the entire time.

Plaintiff Guggino's new allegations that she was denied contact with the outside

world while at the Alabama facility, that not only did Former Officer Urdialez allegedly

tell her he had friends in OIG, but in "all parts of the prison system," and that he allegedly

threatened to harm her family—constitute new facts and details which the Court should

disregard.[6]  Doc. 32 at 18; *Brandywine Commc'ns Techs., LLC*, 904 F. Supp. 2d 1260, at

n.13.  Moreover, "unwarranted deductions of fact" are not admitted as true, nor are

"speculation" and "bald assertions." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d

---

[6] It was during this time she was at Aliceville that she filed motions in her pending criminal case,
*see* Case No. 8:11-cr-00307-VMC-AEP (M.D. Fla.), Doc. 104*,* rendering suspect this new
assertion that she was denied contact with the outside world.

1242, 1248 (11th Cir. 2005). Guggino's assertion that the confiscation of her materials upon her arrival at FCI Aliceville should be interpreted as a threat is not plausible, given that if those actions occurred, they were at the very same time Guggino acknowledges BOP and OIG were investigating allegations of misconduct related to her and Former Officer Urdialez. *See* Doc. 1 at ¶ 95. Finally, Guggino has not alleged anyone continued to attempt to preclude her from reporting Urdialez's conduct once she was transferred to Coleman almost a year before she submitted an SF-95. *Hulon v. Dozier Sch. for Boys*, No. 3:16CV474/LAC/EMT, 2018 WL 2144498, at *2 (N.D. Fla. Apr. 9, 2018), *report and recommendation adopted*, No. 3:16CV474/LAC/EMT, 2018 WL 2138530 (N.D. Fla. May 9, 2018); *see also Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 358 (5th Cir. 2011).

Guggino relies on equitable tolling cases regarding torture by foreign countries under the Torture Victim Protection Act and Alien Tort Claims Act. *Arce*, 434 F.3d at 1265. The continuing and reasonable fear of reprisal present in that line of cases was readily demonstrable given the long and documented history of state sponsored atrocities. *Id.*; *see also Jean v. Dorelien*, 431 F.3d 776, 780 (11th Cir. 2005) (collecting cases) ("Congress acknowledged that plaintiffs [in TVPA litigation] face unique impediments such as reprisals from death squads and immunity of high-ranking government officials . . ."). The allegations here are more akin to those in the line of prisoner cases cited in the United States' opening brief and do not demonstrate the requisite extraordinary circumstances.

## Conclusion

For the foregoing reasons, and those in the United States' opening memorandum, the Court should grant the United States' partial motion to dismiss.

10

Dated:  May 4, 2020           Respectfully submitted,


                              MARIA CHAPA LOPEZ
                              United States Attorney

By:    */s/ Adam R. Smart*
        ADAM R. SMART
        Assistant United States Attorney
        USA No. 195
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7588
        Email:  adam.smart@usdoj.gov


        */s/ Julie R. Posteraro*
        JULIE R. POSTERARO
        Assistant United States Attorney
        USA No.  157
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone: (407) 648-7500
        Facsimile: (407) 648-7588
        Email:  Julie.Posteraro@usdoj.gov

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 4, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notice of the filing to the following CM/ECF participants:

Bryan E. Busch, Esq.
Christopher Y. Mills, Esq.
BUSCH, SLIPAKOFF,
MILLS & SLOMKA, LLC

James Angelo DeMiles
DEMILES LAW
3440 Hollywood Blvd., Suite 415
Hollywood, FL  33021-6933

Max G. Soren
DININ LAW GROUP, P.A.
4200 N.W. 7th Ave.
Miami, FL  33127

Philip L. Reizenstein, Esq
Reizenstein and Associates PA
2828 Coral Way-Ste 540
Miami, FL, 33145

/s/ Adam R. Smart
ADAM R. SMART
Assistant United States Attorney