RACHELLE BEAUBRUN, *et al.*,

     Plaintiffs,

v.                         Case No. 5:19-cv-00615-Oc-32PRL

UNITED STATES OF AMERICA,

     Defendant.

_____/

## UNITED STATES' ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

COMES NOW Defendant, the United States of America, by and through the undersigned Assistant United States Attorneys, and in response to Plaintiffs' Second Amended Complaint (Doc. 47) answers and avers as follows:

### General Denial

Defendant denies all allegations set forth in the Second Amended Complaint not otherwise admitted in the following paragraphs, including all well-pleaded allegations contained in Plaintiffs' prayer for relief.

### Specific Denials and Responses

Answering the specific numbered paragraphs of Plaintiffs' Second Amended Complaint, using the same paragraph numbering, Defendant further states as follows:

### PARTIES

1.     Admit that Beaubrun was sentenced to 8.5 years for conspiracy to commit wire fraud and identity theft. Deny she is a 48-year old female, aver she is 49 years old.

Deny that she was a first time offender, but admit she was a first time federal offender. Deny that she served the entirety of her sentence at the women's camp at FCC Coleman ("Coleman Camp"). Except as specifically admitted, the remaining allegations of paragraph 1 are denied.

2.      Admit that Goduto is a 36-year old female. Deny that Goduto sentenced to only 10 years on charges of drug possession, aver that Goduto was sentenced to a 168 month aggregate sentence (14 years). Deny that she was a first time offender, but admit she was a first time federal offender. Admit that she served a portion of her sentence at the Coleman Camp commencing in July 2015 and that she was transferred to FCI Tallahassee in 2019. Except as specifically admitted, the remaining allegations of paragraph 2 are denied.

3.      Admit that Guggino was sentenced to 10 years for armed robbery. Deny she is a 35-year old female, aver she is 36 years old. Deny that she was a first time offender, but admit she was a first time federal offender. Deny that she served her sentence at FCI Tallahassee or the Coleman Camp for the periods alleged. Except as specifically admitted, the remaining allegations of paragraph 3 are denied.

4.      Deny Hoehn is 30 years old and that she was sentenced to 27 years for conspiracy to possess and distribute drugs; aver she is 32 years old and was sentenced to 24 years and 1 month for conspiracy to manufacture and possess with an intent to distribute methamphetamines and possession of a firearm in furtherance thereof. Deny that she was a first time offender, but admit she was a first time federal offender. Admit that she served a portion of her sentence at the Coleman Camp commencing in October

2016. Except as specifically admitted, the remaining allegations of paragraph 4 are denied.

5.      Admit Johnson was sentenced for conspiracy to manufacture methamphetamine. Deny she was sentenced to 8 years, it was originally 84 months, and subsequently modified to 52 months and 16 days. Deny she is a 40-year old female, aver she is 41 years old. Deny that she was a first time offender, but admit she was a first time federal offender. Admit that she served a portion of her sentence at the Coleman Camp commencing in May 2016 through February 2019. Except as specifically admitted, the remaining allegations of paragraph 5 are denied.

6.      Admit.

7.      Admit Ursiny is a 56-year old female. Deny she was sentenced to 15 years for mortgage fraud, aver she was sentenced to 10 years 1 month. Admit she served a portion of her sentence at Coleman Camp from 2012 through 2020. Except as specifically admitted, the remaining allegations of paragraph 7 are denied.

8.      Deny Watson was sentenced to 5 years for bank fraud, aver she was sentenced to two years. Deny she is a 37-year old female, aver she is 38 years old. Defendant lacks knowledge or information as to whether Watson was a first time offender, and accordingly denies it. Admit Watson served a portion of her sentence at the Coleman Camp from March 2017 through February 2018. Except as specifically admitted, the remaining allegations of paragraph 8 are denied.

9.      Admit Berman is a 26-year old female. Deny she was sentenced to 3 years for conspiracy to distribute drugs, aver it was 30 months. Admit Berman served a portion

of her sentence at the Coleman Camp, but deny it was for the period alleged, rather it was from February 2017 to December 2017. Except as specifically admitted, the remaining allegations of paragraph 9 are denied.

10.     Admit Flowers is a 35-year old female convicted of wire fraud. Deny she was sentenced to 2 years, aver it was 20 months. Admit Flowers served a portion of her sentence at the Coleman Camp from 2017 to 2018. Except as specifically admitted, the remaining allegations of paragraph 10 are denied.

11.     Admit Aloe was sentenced to just over 4 years for odometer tampering (and securities fraud). Deny she is a 60-year old female, aver she is 59 years old. Defendant lacks knowledge or information as to whether Aloe was a non-violent first time offender, and accordingly denies it. Admit Aloe served a portion of her sentence at the Coleman Camp from 2016 to 2019. Except as specifically admitted, the remaining allegations of paragraph 11 are denied.

12.     Admit DiMuro was sentenced for drug possession with intent to distribute and firearm possession in furtherance thereof. Deny she is a 32-year old female, aver she is 33 years old. Deny she was sentenced to 10 years, it was 12 years, 10 months. Deny that she was a first time offender, but admit she was a first time federal offender. Admit that she served a portion of her sentence at the Coleman Camp commencing in October 2016 through 2019. Except as specifically admitted, the remaining allegations of paragraph 12 are denied.

13.     Admit Mora was sentenced to 10 years for drug possession with intent to distribute and firearm possession. Deny she is a 43-year old female, aver she is 44 years

4

old.  On information and belief deny that Mora was a first time offender.  Admit she served a portion of her sentence at the Coleman Camp from February 2016 until May 2018.  Except as specifically admitted, the remaining allegations of paragraph 13 are denied.

14.     Admit Reynolds is a 33-year old female who was sentenced to 12 years for being a felon in possession of a firearm (as well as probation violation).  Admit that she served a portion of her sentence at the Coleman Camp from March 2018 through 2019.  Except as specifically admitted, the remaining allegations of paragraph 14 are denied.

15.     Admit that Leon served a portion of her sentence at the Coleman Camp beginning in April 2013.  Except as specifically admitted, the remaining allegations of paragraph 15 are denied.

16.     Admit that in certain instances the United States has waived its sovereign immunity for suits for money damages under the Federal Tort Claims Act.  Admit that Fed. R. Civ. P. 4(i) provides for service of both the United States Attorney and Attorney General in suits against the United States and that Plaintiff has listed addresses for each for such service.  Except as specifically admitted, the remaining allegations of paragraph 16 are denied.

17.     Deny.

18.     Deny.

19.     Admit DeCamilla was a Special Investigative Supervisor in the Special Investigative Services ("SIS").  Deny Kajander worked for SIS.  Admit that responsibilities of both DeCamilla and Kajander could include investigations of allegations of

inappropriate activity by staff members and inmates. Deny the second and third sentences of paragraph 19. Except as specifically admitted, the remaining allegations of paragraph 19 are denied.

20. Deny.

21. Admit that OIG and the U.S. Department of Justice have responsibility in connection with decisions to investigate and bring criminal charges against federal correctional officers for commission of federal crimes. Admit that OIA has certain investigative responsibilities, but deny OIA has a specific role in bringing criminal prosecutions. Admit that none of the former correctional officers were prosecuted, deny that there was a "failure" to do so, and deny that there was not a timely investigation.

22. Admit that Palomares served as a correctional officer at FCC Coleman and that he resigned as a correctional officer in September 2018. Admit that in interviews conducted in September 2018 and June 2019, Palomares stated that he had previously engaged in sexual conduct with Plaintiffs Aloe, Beaubrun, Berman, Flowers, Leon, Mora, Watson, but aver that both he and Plaintiffs had previously denied said conduct. Admit he was not prosecuted. Deny the remaining allegations of paragraph 22.

23. Admit that Phillips served as a correctional officer at FCC Coleman and that he resigned as a correctional officer in October 2019. Admit that in an interview conducted in October 2019, Phillips stated that he had previously engaged in sexual conduct with Plaintiffs Berman and Flowers, but aver that both he and Plaintiffs had previously denied said conduct. Admit he was not prosecuted. Deny the remaining allegations of paragraph 23.

24.      Admit that Campbell served as a correctional officer at FCC Coleman and that he resigned as a correctional officer in April 2019.  Admit he was not prosecuted.  Admit that in an interview conducted in June 2019, Campbell stated that he had previously engaged in sexual conduct with Plaintiffs Leon, Nagy-Phillips and Aloe, but aver that both he and Plaintiffs had previously denied said conduct.  Deny the remaining allegations of paragraph 24.

25.      Admit that Vann served as a correctional officer at FCC Coleman and that he resigned as a correctional officer in December 2019.  Admit he was not prosecuted.  Admit that in an interview conducted in October 2019, Vann stated that he had previously engaged in sexual conduct with Plaintiffs Berman and Flowers, but aver that both he and Plaintiffs had previously denied said conduct.   Deny the remaining allegations of paragraph 25.

26.      Admit that Urdialez served as a correctional officer at FCI Tallahassee and that he retired in February 2019.  Admit that because he retired with more than 20 years of service he did retire with full retirement benefits.  Admit he was not prosecuted.  Deny Urdialez stated that he engaged in sexual conduct with Guggino in interviews, admit Guggino has stated that she has engaged in such conduct; however aver she has also denied as much in other interviews.  Deny the remaining allegations of paragraph 26.

27.      Admit that Kuilan served as a correctional officer at the FCC Coleman and that he resigned as a correctional officer in August 2019 with a medical disability, thus he did receive some benefits.  Admit he was not prosecuted.  Admit that in an interview conducted in September 2019, Kuilan stated that he had previously engaged in sexual

conduct with Plaintiff Reynolds, but aver that both he and Plaintiff had previously denied said conduct, including earlier that same day. Deny the remaining allegations of paragraph 27.

28. Admit that Gonzalez served as a correctional officer at FCC Coleman. Admit he was not prosecuted. Deny the remaining allegations of paragraph 28.

29. Admit that Laudenslager served as a correctional officer at the FCC Coleman until he retired in September 2018. Admit because he retired with more than 20 years of service he did retire with full retirement benefits. Admit he was not prosecuted. Admit that in an interview conducted in July 2019, Laudenslager stated that he had previously engaged in sexual conduct with Plaintiff Leon, but aver that both he and Plaintiff had previously denied said conduct. Deny the remaining allegations of paragraph 29.

## JURISDICTION AND VENUE

30. Denied.

31. Admit the Court has personal jurisdiction over the United States. Except as specifically admitted, the remaining allegations of paragraph 31 are denied.

32. Admit venue is proper in this district as to all claims under Section 1402(b) except those claims arising from FCI Tallahassee.

## FEDERAL BUREAU OF PRISONS

33. Admit the first sentence. Admit the second sentence is an accurate quote. Admit the last two sentences, with the caveat that the numbers are generally correct if not

exact. Except as specifically admitted, the remaining allegations of paragraph 33 are denied.

34. Denied.

35. Admit that there is a nine-page memorandum dated January 2, 2019, from the majority staff of the House Subcommittee on National Security that contains the quoted language in paragraph 35. Except as specifically admitted, the remaining allegations of paragraph 35 are denied.

## PRISON RAPE ELIMINATION ACT

36. Admit.

37. Admit that paragraph 37 accurately quotes Section 115.6 of PREA and that sexual abuse is defined therein to include sexual conduct with or without consent of the inmate. Except as specifically admitted, the remaining allegations of paragraph 37 are denied.

38. Admit that pursuant to PREA, reviews and/or audits are and have been performed at BOP facilities. Except as specifically admitted, the remaining allegations of paragraph 38 are denied.

39. Deny.

40. Admit that the Bureau has to follow the collective bargaining agreement. Except as specifically admitted, the remaining allegations of paragraph 40 are denied, specifically denying that rights of victims are not the priority.

## COLEMAN FEDERAL PRISON

41.     Admit that FCC Coleman, located in Sumter County, Florida, has over 6,000 inmates which includes a Low, Medium, 2 High security penitentiaries, and a female camp (i.e., the Coleman Camp).   Deny the Coleman Camp currently houses approximately 500 female inmates.   Admit FCC Coleman is operated by the Bureau of Prisons, which is part of the Department of Justice.    Except as specifically admitted, the remaining allegations of paragraph 41 are denied.

42.     Admit.

43.     Admit the first sentence.   Admit correctional officers are trained, managed, overseen and paid by the BOP through the United States Department of Justice, and that correctional offices at the Coleman Camp are federal employees, that under the FTCA can, in certain circumstances, subject the United States of America to liability for improper actions committed within the course and scope of their employment.   Except as specifically admitted, the remaining allegations of paragraph 43 are denied.

44.     Admit that Palomares, Campbell, Phillips, and Vann were employed at FCC Coleman and that Urdialez was employed at FCI Tallahassee.   Admit that Palomares, Campbell, Phillips and Vann stated they engaged in sexual conduct with some of the Plaintiffs in interviews conducted in 2018 and 2019, despite having previously denied doing so, as did Plaintiffs themselves.   Except as specifically admitted, the remaining allegations of paragraph 44 are denied.

45.     Admit that allegations of sexual conduct with inmates against some of the named officers had been previously investigated; however the cases were not sustained. Except as specifically admitted, the remaining allegations of paragraph 45 are denied.

46.     Deny.

47.     Deny.

## ACCESS TO COUNSEL

48.     Deny.

49.     Deny.

50.     Deny.

51.     Admit that prison email and telephone calls are generally monitored for all inmates. Deny that "Prison Management" "flagged and stamped out" mentions of sexual abuse by inmates. Defendant lacks knowledge or information regarding the final sentence of paragraph 51, and accordingly denies it. Except as specifically admitted, the remaining allegations of paragraph 51 are denied.

52.     Deny.

53.     Deny.

54.     Defendant lacks knowledge or information regarding the first sentence of paragraph 54, and accordingly denies it. As to the second sentence, visitation is conducted in accordance with Bureau policy.

55.     Defendant lacks knowledge or information regarding the allegations of paragraph 55, and accordingly denies them. As to the visit, visitation is conducted in accordance with Bureau policy.

56.     Admit some Plaintiffs submitted SF-95s to BOP on or about March 15, 2019.  Deny all Plaintiffs submitted SF-95s on that date.  Except as specifically admitted, the remaining allegations of paragraph 56 are denied.

57.     Deny.

## RACHELLE BEAUBRUN

58.     Admit Beaubrun arrived at the Coleman Camp in September 2013.  Deny she was at three other institutions previously.  Defendant lacks knowledge or information as to the remaining allegations of paragraph 58 and therefore denies them.

59.     Admit that Palomares stated that he did engage in sexual conduct with Beaubrun while she was an inmate at the Coleman Camp; he denied that he threatened her.  Defendant lacks knowledge or information as to the remaining allegations of paragraph 59 and therefore denies them.

60.     Defendant lacks knowledge or information as to the allegations of paragraph 60 and therefore denies them.

61.     Defendant lacks knowledge or information as to the allegations of paragraph 61 and therefore denies them.

62.     Defendant lacks knowledge or information as to the allegations of paragraph 62 and therefore denies them.

63.     Defendant lacks knowledge or information as to what Beaubrun felt or knew, and accordingly and therefore denies the allegations.  Admit that in the event that allegations of sexual abuse are made, steps are taken to separate the inmate from the alleged perpetrator until an investigation could be conducted, which may include transfer

of the inmate to a county jail; however Defendant avers that this was not the only action taken to implement such separation. Except as specifically admitted, the remaining allegations of paragraph 63 are denied.

64. Deny.

## KRISTEN GODUTO

65. Admit Goduto arrived at the Coleman Camp in 2015, deny it was August, aver it was July. Admit that Goduto worked in maintenance at some point at the Coleman Camp, and that Phillips was one of the officers supervising maintenance. Except as specifically admitted, the remaining allegations of paragraph 65 are denied.

66. Deny.

67. Deny.

68. Deny.

69. Deny.

70. Deny.

## KARA GUGGINO

71. Admit Guggino arrived at FCI Tallahassee in May 2012. Defendant lacks knowledge or information as to the remaining allegations in paragraph 71 and therefore denies them.

72. Defendant lacks knowledge or information as to the allegations in paragraph 72 and therefore denies them.

73.    Admit at some point during her time at FCI Tallahassee Guggino served as an orderly.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 73 and therefore denies them.

74.    Admit on information and belief that Urdialez did on one occasion call all of his orderlies into his office to interview them.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 74 and therefore denies them.

75.    Defendant lacks knowledge or information as to the allegations in paragraph 75 and therefore denies them.

76.    Admit, on information and belief, that Urdialez did send money to Guggino and used an email under the name "Ronald Ernst" through which he sent emails to Guggino.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 76 and therefore denies them.

77.    Defendant lacks knowledge or information as to the allegations in paragraph 77 and therefore denies them.

78.    Admit that Urdialiez stated in interviews with OIG that he monitored the emails and telephone calls of Guggino for a period of time sometime during 2014 or 2015. Defendant lacks knowledge or information as to the remaining allegations in paragraph 78 and therefore denies them.

79.    Admit that BOP and OIG Officials conducted interviews of Guggino in connection with allegations of a sexual relationship between Urdialez and Guggino. Further admit that Guggino denied any such relationship on several occasions.  Deny that BOP punished Guggino and deny that any actions taken to protect the inmate from the

correctional officer alleged to have a sexual relationship with her were punishment or that BOP officials would retaliate against her if she told the investigators about any relationship with Urdialez. Admit Guggino was placed in the special housing unit on two occasions, deny the allegations regarding the extent of that placement or the purpose thereof. Defendant lacks knowledge or information as to the remaining allegations in paragraph 79 and therefore denies them.

80.     Admit that Urdialez was transferred to a different facility on the FCI Tallahassee complex for a period of time. Defendant lacks knowledge or information as to the remaining allegations in paragraph 80 and therefore denies them.

81.     Admit Guggino was transferred to FCI Aliceville in Alabama in April 2015. Admit that just prior to that transfer Urdialez came to FCI Tallahassee on his day off in plain clothes and saw Guggino and gave her some magazines. Defendant lacks knowledge or information as to the remaining allegations in paragraph 81 and therefore denies them.

82.     Admit Guggino did not tell investigators that she had engaged in sexual conduct with Urdialez when they interviewed her. Deny Guggino was threatened by BOP staff, that OIG investigators threatened Guggino, or that psychology staff harassed or punished her. Defendant lacks knowledge or information as to the remaining allegations in paragraph 82 and therefore denies them.

83.     Admit that Guggino was transferred to the Coleman Camp in April 2018, which occurred several years after the interview she refers to in paragraph 82. Admit that

at some point Guggino worked in landscaping while at the Coleman Camp. Except as specifically admitted, the remaining allegations of paragraph 83 are denied.

84.     Defendant lacks knowledge or information as to the allegations in the last sentence of paragraph 84, and whether Urdialez recently drove a van to the Coleman Camp. Deny Urdialez is still employed by BOP. Deny the remaining allegations in paragraph 84.

85.     Deny.

## SARA HOEHN

86.     Admit Hoehn arrived at the Coleman Camp in October 2016. Except as specifically admitted, the remaining allegations of paragraph 86 are denied.

87.     Deny.

88.     Deny.

89.     Deny.

90.     Deny.

91.     Deny.

## APRIL JOHNSON

92.     Deny Johnson arrived at the Coleman Camp in 2015, aver it was in May 2016. Except as specifically admitted, the remaining allegations of paragraph 92 are denied.

93.     Deny.

94.     Deny.

95.     Deny.

**TERRI NAGY-PHILLIPS**

96.     Admit Nagy-Phillips arrived at the Coleman Camp in 2012.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 96 and therefore denies them.

97.     Defendant lacks knowledge or information as to the allegations in paragraph 97 and therefore denies them.

98.     Deny.

99.     Admit that Campbell stated that he had previously engaged in sexual conduct with Nagy-Phillips on one occasion in the electrical work shed; he denied that he used force or threatened her.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 99 and therefore denies them.

100.    Deny.

**ANN URSINY**

101.    Admit Ursiny arrived at the Coleman Camp in 2012, deny it was July. Except as specifically admitted, the remaining allegations of paragraph 101 are denied.

102.    Deny.

103.    Deny the first sentence of paragraph 103.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 103 and therefore denies them.

104.    Deny.

105.    Defendant lacks knowledge or information as to the allegations last sentence of paragraph 105 and therefore denies them.  Admit that in December 2017 Ursiny spoke with Lieutenant DeCamilla and made allegations concerning relationships

between certain correctional officers and inmates. Deny the remaining allegations of paragraph 105.

106. Deny.

## KAREN WATSON

107. Admit Watson arrived at the Coleman Camp in March 2017. Except as specifically admitted, the remaining allegations of paragraph 107 are denied.

108. Admit that Palomares stated that he did engage in sexual conduct with Watson while she was an inmate at the Coleman Camp on one occasion; he denied that he threatened her, forced her or insulted her. Defendant lacks knowledge or information as to the remaining allegations in paragraph 108 and therefore denies them.

109. Admit immigration authorities remanded Watson in January 2018 and transferred her to a holding facilities before deportation. Admit Watson submitted letters to BOP representatives after her transfer, but lack knowledge or information as to any other allegations concerning notes or letters. Admit Watson was interviewed by Sergeant Harvey and Lieutenant DeCamilla while at the holding facility. Except as specifically admitted, the remaining allegations of paragraph 109 are denied.

110. Defendant lacks knowledge or information as to the allegations in paragraph 110 and therefore denies them.

111. Deny.

## CARLEANE BERMAN

112. Admit Berman arrived at the Coleman Camp in 2017, aver it was February not March. Admit that Palomares, Vann, and Phillips, each stated that they did engage

in sexual conduct with Berman while she was an inmate at the Coleman Camp, but they each denied that they threatened, coerced, intimidated or demanded such conduct from Berman. Defendant lacks knowledge or information as to the remaining allegations in paragraph 112 and therefore denies them.

113.   Deny.

## MIRANDA FLOWERS

114.   Admit Flowers arrived at the Coleman Camp in May 2017. Admit that Palomares, Vann, and Phillips, each stated that they did engage in sexual conduct with Flowers while she was an inmate at the Coleman Camp, but they each denied that they threatened, coerced, intimidated or demanded such conduct from Flowers. Defendant lacks knowledge or information as to the remaining allegations in paragraph 114 and therefore denies them.

115.   Deny.

## JUDI ALOE

116.   Admit Aloe arrived at the Coleman Camp in December 2016. Admit that Campbell stated that he did engage in sexual conduct with Aloe while she was an inmate at the Coleman Camp, but he denied that he threatened, coerced, intimidated or forced Aloe. Except as specifically admitted, the remaining allegations of paragraph 116 are denied.

117.   Admit that Palomares stated that he did engage in sexual conduct with Aloe on one occasion while she was an inmate at the Coleman Camp, but he denied that he

threatened, coerced, intimidated or forced Aloe. Except as specifically admitted, the remaining allegations of paragraph 117 are denied.

118. Deny.

## AMANDA DIMURO

119. Admit DiMuro arrived at the Coleman Camp in October 2016 from FCI Tallahassee. Except as specifically admitted, the remaining allegations of paragraph 119 are denied.

120. Deny.

121. Admit DiMuro did work as a front lobby custodian at the Coleman Camp at some point, which included cleaning. Except as specifically admitted, the remaining allegations of paragraph 121 are denied.

122. Deny.

123. Deny.

124. Deny.

125. Deny.

126. Admit that Gonzalez asked DiMuro to help him spray a beehive. Except as specifically admitted, the remaining allegations of paragraph 126 are denied.

127. Deny.

128. Deny.

## REBECCA MORA

129. Deny.

130. Admit that Palomares stated that he did make sexually suggestive comments to Mora, but he denied the specific comments in paragraph 130, and he also denied that he threatened or intimidated her. Except as specifically admitted, the remaining allegations of paragraph 130 are denied.

131. Admit that Palomares stated that he had previously engaged in sexual conduct with Mora; he denied that he threatened or forced her. Defendant lacks knowledge or information as to the remaining allegations in paragraph 131 and therefore denies them.

132. Admit that Palomares stated that he had previously engaged in sexual conduct with Mora; he denied that he threatened or forced her. Defendant lacks knowledge or information as to the remaining allegations in paragraph 132 and therefore denies them.

133. Admit that Palomares stated that he had previously engaged in sexual conduct with Mora; he denied that he threatened or forced her. Defendant lacks knowledge or information as to the remaining allegations in paragraph 133 and therefore denies them.

134. Deny.

135. Deny.

136. Deny.

137. Deny.

138. Deny.

139. Deny.

140.    Deny.

141.    Admit that Mora asked Gonzalez about information concerning DiMuro. Except as specifically admitted, Defendant denies the remaining allegations of paragraph 141.

142.    Admit Mora did not report any instances of sexual conduct between her and correctional officers at the Coleman Camp. Admit that DeCamilla interviewed Mora regarding allegations of sexual conduct at the Coleman Camp. Deny that DeCamilla threatened Mora. Defendant lacks knowledge or information as to the remaining allegations in paragraph 142 and therefore denies them.

143.    Deny.

### LAUREN REYNOLDS

144.    Admit Reynolds arrived at the Coleman Camp March 2018. Deny Kuilan was previously investigated for improper sexual conduct. Defendant lacks knowledge or information as to the remaining allegations in paragraph 144 and therefore denies them.

145.    Admit that in an interview Kuilan stated that he had previously engaged in sexual conduct with Plaintiff Reynolds, but he has been inconsistent in his statements regarding this conduct. Defendant lacks knowledge or information as to the remaining allegations in paragraph 145 and therefore denies them.

146.    Admit that in an interview Kuilan stated that he had previously engaged in sexual conduct with Plaintiff Reynolds, but he has been inconsistent in his statements regarding this conduct. Defendant lacks knowledge or information as to the remaining allegations in paragraph 146 and therefore denies them.

147.    Admit that in an interview Kuilan stated that he had previously engaged in sexual conduct with Plaintiff Reynolds, but he has been inconsistent in his statements regarding this conduct.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 147 and therefore denies them.

148.    Admit that in an interview Kuilan stated that he had previously engaged in sexual conduct with Plaintiff Reynolds, but he has been inconsistent in his statements regarding this conduct.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 148 and therefore denies them.

149.    Admit that in an interview Kuilan stated that he had previously engaged in sexual conduct with Plaintiff Reynolds, but he has been inconsistent in his statements regarding this conduct.  Admit Reynolds denied involvement with Kuilan in an interview on October 18, 2018.  Admit she had an interview on or about October 31, 2018, where she stated she had engaged in sexual conduct with Kuilan.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 149 and therefore denies them.

150.    Defendant lacks knowledge or information as to the allegations in paragraph 150 and therefore denies them.

151.    Defendant lacks knowledge or information as to the allegations in paragraph 151 and therefore denies them.

152.    Deny.

## MAGGIE LEON

153.    Admit that Palomares stated that he had previously engaged in sexual conduct with Leon; he denied that he threatened or forced her.  Defendant lacks

knowledge or information as to the remaining allegations in paragraph 153 and therefore denies them.

154.    Admit that Palomares stated that he had previously engaged in sexual conduct with Leon; he denied that he threatened or forced her.  Admit Palomares provided his email to Leon.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 154 and therefore denies them.

155.    Admit that Campbell stated that he had previously engaged in sexual conduct with Leon; he denied that he threatened or forced her.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 155 and therefore denies them.

156.    Admit that Laudenstager stated that he had previously engaged in sexual conduct with Leon; he denied that he threatened or forced her.  Defendant lacks knowledge or information as to the remaining allegations in paragraph 156 and therefore denies them.

157.    Defendant lacks knowledge or information as to the allegations in the first two sentences paragraph 157 and therefore denies them.  Deny the remaining allegations in paragraph 157.

**COUNT I**

158.    Paragraph 158 is one of incorporation to which no response is required.

159.    Deny.

160.    Deny.

161.    Deny.

162. Deny.

163. Deny.

164. Deny.

165. Deny.

## **COUNT II**

166. Paragraph 166 is one of incorporation to which no response is required.

167. Deny.

168. Deny.

169. Deny.

170. Deny.

171. Deny.

172. Deny.

173. Deny.

174. Deny.

175. Deny.

176. Deny.

177. Deny.

## **COUNT III**

178. Paragraph 178 is one of incorporation to which no response is required.

179. Deny.

180. Deny.

181. Deny.

182. Deny.

183. Deny.

184. Deny.

185. Deny.

186. Deny.

187. Deny.

188. Deny.

189. Deny.

## COUNT IV

190. Paragraph 190 is one of incorporation to which no response is required.

191. Deny.

192. Deny.

193. Deny.

194. Deny.

195. Deny.

196. Deny.

197. Deny.

198. Deny.

199. Deny.

200. Deny.

201. Deny.

The paragraph following numbered paragraph 201 is a request for relief to which no response is required. To the extent one is required, Defendant denies Plaintiffs are entitled to the relief requested or that they are entitled to a jury trial.

## COUNT V

202. Paragraph 202 is one of incorporation to which no response is required.

203. Deny.

204. Deny.

205. Deny.

206. Deny.

207. Deny.

208. Deny.

## COUNT VI

209. Paragraph 209 is one of incorporation to which no response is required.

210. Deny.

The paragraph following numbered paragraph 210 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT VII

211. Paragraph 211 is one of incorporation to which no response is required.

212. Deny.

The paragraph following numbered paragraph 212 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT VIII

213.    Paragraph 213 is one of incorporation to which no response is required.

214.    Deny.

The paragraph following numbered paragraph 214 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT IX

215.    Paragraph 215 is one of incorporation to which no response is required.

216.    Deny.

The paragraph following numbered paragraph 216 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT X

217.    Paragraph 211 is one of incorporation to which no response is required.

218.    Deny.

The paragraph following numbered paragraph 218 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT XI

219.    Paragraph 219 is one of incorporation to which no response is required.

220.    Deny.

The paragraph following numbered paragraph 220 is a request for relief to which no response is required. To the extent one is required, Defendant denies DiMuro is entitled to the relief requested.

## COUNT XII

221.    Paragraph 221 is one of incorporation to which no response is required.

222.    Deny.

223.    Deny.

224.    Deny.

225.    Deny.

226.    Deny.

227.    Deny.

## COUNT XIII

228.    Paragraph 228 is one of incorporation to which no response is required.

229.    Deny.

The paragraph following numbered paragraph 229 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XIV

230.    Paragraph 230 is one of incorporation to which no response is required.

231. Deny.

The paragraph following numbered paragraph 231 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XV

232. Paragraph 232 is one of incorporation to which no response is required.

233. Deny.

The paragraph following numbered paragraph 233 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XVI

234. Paragraph 234 is one of incorporation to which no response is required.

235. Deny.

The paragraph following numbered paragraph 235 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XVII

236. Paragraph 236 is one of incorporation to which no response is required.

237. Deny.

The paragraph following numbered paragraph 237 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XVIII

238.    Paragraph 238 is one of incorporation to which no response is required.

239.    Deny.

The paragraph following numbered paragraph 239 is a request for relief to which no response is required.  To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XIX

240.    Paragraph 240 is one of incorporation to which no response is required.

241.    Deny.

The paragraph following numbered paragraph 241 is a request for relief to which no response is required.  To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XX

242.    Paragraph 242 is one of incorporation to which no response is required.

243.    Deny.

The paragraph following numbered paragraph 243 is a request for relief to which no response is required.  To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XXI

244.    Paragraph 244 is one of incorporation to which no response is required.

245.    Deny.

The paragraph following numbered paragraph 245 is a request for relief to which no response is required. To the extent one is required, Defendant denies Mora is entitled to the relief requested.

## COUNT XXII

246. Paragraph 246 is one of incorporation to which no response is required.

247. Deny.

248. Deny.

249. Deny.

250. Deny.

251. Deny.

252. Deny.

253. Deny.

The paragraph following numbered paragraph 253 is a request for relief to which no response is required. To the extent one is required, Defendant denies Reynolds is entitled to the relief requested.

## COUNT XXIII

254. Paragraph 254 is one of incorporation to which no response is required.

255. Deny.

The paragraph following numbered paragraph 255 is a request for relief to which no response is required. To the extent one is required, Defendant denies Reynolds is entitled to the relief requested.

## COUNT XXIV

256.     Paragraph 256 is one of incorporation to which no response is required.

257.     Deny.

The paragraph following numbered paragraph 257 is a request for relief to which no response is required.  To the extent one is required, Defendant denies Reynolds is entitled to the relief requested.

## COUNT XXV

258.     Paragraph 258 is one of incorporation to which no response is required.

259.     Deny.

The paragraph following numbered paragraph 259 is a request for relief to which no response is required.  To the extent one is required, Defendant denies Reynolds is entitled to the relief requested.

## COUNT XXVI

260.     Paragraph 260 is one of incorporation to which no response is required.

261.     Deny.

262.     Deny.

263.     Deny.

264.     Deny.

265.     Deny.

266.     Deny.

## COUNT XXVII

267.     Paragraph 267 is one of incorporation to which no response is required.

268.    Deny.

## COUNT XXVIII

269.    Paragraph 269 is one of incorporation to which no response is required.

270.    Deny.

## COUNT XXIX

271.    Paragraph 271 is one of incorporation to which no response is required.

272.    Deny.

## COUNT XXX

273.    Paragraph 273 is one of incorporation to which no response is required.

274.    Deny.

## COUNT XXXI

275.    Paragraph 275 is one of incorporation to which no response is required.

276.    Deny.

## COUNT XXXII

277.    Paragraph 277 is one of incorporation to which no response is required.

278.    Deny.

## COUNT XXXIII

279.    Paragraph 279 is one of incorporation to which no response is required.

280.    Deny.

## COUNT XXXIV

281.    Paragraph 281 is one of incorporation to which no response is required.

282.    Deny.

## COUNT XXXV

283.    Paragraph 283 is one of incorporation to which no response is required.

284.    Deny.

## COUNT XXXVI

285.    Paragraph 285 is one of incorporation to which no response is required.

286.    Deny.

## COUNT XXXVII

287.    Paragraph 287 is one of incorporation to which no response is required.

288.    Deny.

## COUNT XXXVIII

289.    Paragraph 289 is one of incorporation to which no response is required.

290.    Deny.

## COUNT XXXIX

291.    Paragraph 291 is one of incorporation to which no response is required.

292.    Deny.

## COUNT XXXX

293.    Paragraph 293 is one of incorporation to which no response is required.

294.    Deny.

The paragraph following numbered paragraph 294 is a request for relief to which no response is required. To the extent one is required, Defendant denies Plaintiffs are entitled to the relief requested or that they are entitled to a jury.

## AFFIRMATIVE DEFENESES AND ALLEGATIONS

1.      The injuries or damages, or both, alleged in the Second Amended Complaint were not proximately caused by a negligent act or omission of any employee of the United States acting within the scope and course of their employment.

2.      This Court lacks jurisdiction over Plaintiffs' claims.

3.      Attorney's fees taken out of the judgment or settlement are governed by statute. *See* 28 U.S.C. § 2678.

4.      The United States is not liable for interest prior to judgment or punitive damages. *See* 28 U.S.C. § 2674.

5.      Plaintiffs' claims for damages are limited to damages recoverable under 28 U.S.C. § 2674.

6.      Any recovery by Plaintiffs is subject to the availability of appropriated funds.  *See* 42 U.S.C. § 233(k).

7.      To the extent that any of Plaintiffs' claims were not the subject of an administrative tort claim, this court lacks jurisdiction over those claims. See 28 U.S.C. § 2675(a).

8.      Plaintiffs' claims are barred by the discretionary function exception to the FTCA.

9.      Plaintiffs' claims are barred by 18 U.S.C. § 1346(b)(2).

10.     Plaintiffs' claims are barred by the statute of limitations.

11.     Plaintiffs failed to exhaust their administrative remedies.

12.    Plaintiffs are limited to the amount set forth in the administrative claims. 28 U.S.C. § 2675(b).

13.    In the event that damages are awarded to Plaintiffs in this matter, which the United States specifically denies, all future economic damages must be made as periodic payments, as set forth in Fla. Stat. Ann. § 768.78 (1)(a)(2).

14.    In the event that damages are awarded to Plaintiffs in this matter, which the United States specifically denies, such an award must be reduced by the amounts paid to Plaintiffs from collateral sources, as set forth in Fla. Stat. Ann. § 768.76 (1).

15.    Plaintiffs are not entitled to a jury trial. See 28 U.S.C. § 2402.

16.    Plaintiffs' claims for damages are subject to the limitations imposed by Florida law.

17.    Plaintiffs' own acts or omissions, including failure to report any alleged inappropriate conduct through the channels provided to do so, bar or reduce the recovery to which they would be entitled.

18.    Recovery is barred or reduced to the extent Plaintiffs failed to mitigate their damages.

19.    Plaintiffs' claims are legally inconsistent under Florida law and while they may plead inconsistent theories, they may not recover on factually or legally inconsistent theories.

20.    Plaintiffs have failed to state a claim under Florida law.

21.    This court is not the proper venue for the claims arising out of FCI Tallahassee.

The United States asserts that it has, or may have, additional affirmative defenses that are not known to the United States at this time, but may be ascertained through discovery. The United States specifically preserves these and other affirmative defenses as they are ascertained through discovery.

Dated: July 22, 2020          Respectfully submitted,

MARIA CHAPA LOPEZ
United States Attorney

By:     /s/ Adam R. Smart_____
ADAM R. SMART
Assistant United States Attorney
USA No. 195
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email: adam.smart@usdoj.gov

/s/ Julie R. Posteraro_____
JULIE R. POSTERARO
Assistant United States Attorney
USA No. 157
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone: (407) 648-7500
Facsimile: (407) 648-7588
Email: Julie.Posteraro@usdoj.gov