**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

RACHELLE BEAUBRUN, et al.,

    Plaintiffs,

v.                                      Case No. 5:19-cv-615-TJC-PRL

UNITED STATES OF AMERICA,

    Defendant.

**ORDER**

On December 3, 2019, Bryan Busch, Esquire and Christopher Mills, Esquire filed a Complaint (Doc. 1) on behalf of fourteen Plaintiffs, including Ms. Maggie Leon. On March 3, 2020, Philip Reizenstein, Esquire was substituted as Ms. Leon's counsel of record, see Order (Doc. 22), and on May 21, 2020, Kellie Peterson, Esquire filed a Notice of Appearance (Doc. 37) as co-counsel for Ms. Leon.

The claims in this case were resolved by settlement. See Orders (Docs. 74, 76). Remaining before the Court is an attorneys' fee dispute between Ms. Leon's former and current counsel. The amount of attorneys' fees withheld from Ms. Leon's settlement proceeds is $162,500.00. Mr. Busch and Mr. Mills filed a Notice of Charging Lien (Doc. 77) and a Memorandum of Law (Doc. 109) asserting they are entitled to a minimum of $59,637.00. Mr. Reizenstein and

Ms. Peterson filed a Memorandum on Attorney's Fees (Doc. 110) suggesting that Mr. Busch and Mr. Mills should receive, at most, $4,391.21.[1]

All counsel agree that Mr. Busch and Mr. Mills are entitled to some compensation. See Doc. 110 at 5 ("Busch/Mills are entitled to be paid for the true hours they worked for Maggie Leon."). And Mr. Reizenstein and Ms. Peterson do not challenge the requested hourly rate. See id. at 14 n.5 ("Counsel does not challenge the rate of $515.00/hour."). However, Mr. Reizenstein and Ms. Peterson raise several concerns about Mr. Busch and Mr. Mill's fee agreement with Ms. Leon and their billing records.

"[U]nder Florida law, an attorney retained on a contingency fee basis who is discharged before the contingency occurs can recover for the value of his services only in quantum meruit." Shackleford v. Sailor's Wharf, Inc., 770 F. App'x 447, 450 (11th Cir. 2019) (citing Sohn v. Brockington, 371 So.2d 1089, 1093 (Fla. 1st DCA 1979)). "In calculating the quantum meruit value, the trial court must determine the reasonable value of the services rendered by the discharged attorney." Id. (citation omitted).[2]

---

[1] Counsel attended mediation in an attempt to resolve the fee dispute, but the mediation was unsuccessful. See Mediation Report (Doc. 106).

[2] Notably, "in the context of a quantum meruit recovery—unlike an award of attorneys' fees to a prevailing party—the conventional lodestar approach does not apply." Badillo v. Playboy Ent. Grp., Inc., 302 F. App'x 901, 904 (11th Cir. 2008)

After reviewing counsels' filings, the Court is troubled by Mr. Busch and Mr. Mills' "detailed billing records." There are multiple entries that are not exclusive to Ms. Leon. For example, on November 10, 2018 and February 9, 2019, Mr. Busch and Mr. Mills each listed 8 hours of work for travelling to FCC Coleman and interviewing Ms. Leon, for a total of 32 hours and $16,480.00. See Doc. 109-4 at 6. The time spent travelling and interviewing individuals at FCC Coleman, however, was not limited solely to Ms. Leon. Indeed, Mr. Busch and Mr. Mills also met with other Plaintiffs on those days, and they were already compensated for that. See Doc. 109-1; see also Doc. 110-1 at 2. As another example, on November 12, 2019, Mr. Busch claims to have spent 8 hours, for a total of $4,120.00, on "[m]ultiple telephone calls and conferences with client<u>s</u>." Id. (emphasis added).

Also concerning is that Mr. Busch and Mr. Mills claim to have spent the exact same time, on the exact same days, doing the exact same tasks for at least 4 clients in this case. See Doc. 109-4 at 6-7; Docs. 110-2 to 110-4. While the Plaintiffs' claims were related and involved overlapping issues, it seems unlikely that an attorney would work the exact same amount of time, on the same day, and on the same task for each Plaintiff. Moreover, an attorney cannot charge multiple clients for the same work. See § 1.5-1 Factors That Determine Whether a Fee Is Reasonable, Legal Ethics, Law. Deskbk. Prof. Resp. § 1.5-1 (2021-2022 ed.) ("'A lawyer who spends four hours of time on behalf of three

3

clients has not earned twelve billable hours.'" (quoting ABA Formal Opinion 93-379 (Dec. 6, 1993), at 6 to 7)). Yet, that is precisely what Mr. Busch and Mr. Mills seek to do. For example, Mr. Mills requests $618.00 for 1.12 hours from at least 4 Plaintiffs for filing <u>one</u> motion for Mr. Busch to appear pro hac vice. As another example, on the days the attorneys claimed to have worked 8 hours for Ms. Leon on a particular task, they also worked 8 hours for multiple other clients on the same task and on the same day—exceeding 24 hours of work in one day.

Nevertheless, despite the exaggerated and unprofessional billing records, the Court acknowledges that the services provided to Ms. Leon by Mr. Busch and Mr. Mills assisted in the successful resolution of her claims and they are entitled to some compensation. Considering the totality of the circumstances, the Court has determined that attorneys' fees in the amount of $24,167.00 adequately compensates Mr. Busch and Mr. Mills for the reasonable value of the services rendered to Ms. Leon. Notably, Mr. Busch and Mr. Mills also filed charging liens against the settlement amounts received by Plaintiffs Mora, DiMuro, and Reynolds. Counsel representing those Plaintiffs along with Mr. Busch and Mr. Mills agreed that $72,500.00 satisfied the charging liens for Plaintiffs Mora, DiMuro, and Reynolds. <u>See</u> Order (Doc. 107). Thus, Mr. Busch and Mr. Mills received approximately $24,167.00 for the work performed for

4

each of these Plaintiffs. Mr. Busch and Mr. Mills submitted identical time sheets for Plaintiffs Leon, Mora, DiMuro, and Reynolds.

Thus, on a quantum meruit basis, the Court will direct that same amount ($24,167.00) be disbursed to Mr. Busch and Mr. Mills, and the remaining $138,333.00 be disbursed to Mr. Reizenstein and Ms. Peterson. The Court finds this amount to be reasonable and equitable, and it represents a fair division of the attorneys' fees. Accordingly, it is

**ORDERED**:

1. Ms. Peterson shall disburse the $162,500.00 held in her trust account as follows: $24,167.00 to Mr. Busch and Mr. Mills; and $138,333.00 to Mr. Reizenstein and Ms. Peterson. In light of the Court's resolution, the Charging Lien (Doc. 77) is discharged.

2. The Unopposed Second Motion for Extension of Time to File Joint Motion for Dismissal or Other Appropriate Documents to Close Out Case (Doc. 112) is **GRANTED**. The parties shall comply by **January 21, 2022**.

**DONE AND ORDERED** in Jacksonville, Florida, this 6th day of January, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

JAX-3 1/5
c:
Counsel of Record